## CHARLES H. MURRAY

### *v.*

## THE BOARD OF SUPERVISORS OF CLAY COUNTY

SCHOOL LAW—*compensation to county superintendent for holding teachers' institute.* Under the statute in force July 1, 1872, a county superintendent of public schools had no lawful authority to hold a teachers' institute, and thereby charge his county for such services, unless the institute had been provided for by the county board, which had complete control of the subject.

APPEAL from the Circuit Court of Richland county; the Hon. JAMES C. ALLEN, Judge, presiding.

Mr. RUFUS COPE, for the appellant.

Messrs. CHESLEY & HAGLE, for the appellee.

PER CURIAM: Appellant was superintendent of schools in and for Clay county, so chosen in 1869. In the summer of 1872, after the 1st of July, he held a teachers' institute in that county, through a period of six weeks, and devoted his services to that service twenty-nine days. He was directed by the State Superintendent of Schools to hold such institute, and he himself considered it advisable and necessary to do so. In former years he had, as such officer, held such institute, and the county board had paid him for such previous services. There was, however, no order of the county board authorizing, requesting or directing him to do so, or in any way providing for the holding of such teachers' institute. He presented an account to the board, charging the county for such services, and payment was refused. He brought his suit against the county, claiming $145; and, on trial, the jury brought in a verdict in his favor for the sum of $25. By the law then in force, he was entitled to $5 per day for all days actually devoted to official duties. Not satisfied with this verdict, the plaintiff moved for a new trial, which was denied, and judgment was rendered upon the verdict. The plaintiff below appeals to this court.

Had he been entitled to recover at all, it is plain that he was entitled to a verdict for $145. A majority of this court are, however, of opinion that, under the statute in force at the time of the services, the plaintiff had no lawful authority to hold a teachers' institute, and thereby charge the county for such services, unless the holding of such teachers' institute had been provided for by the county board. The county board, in the opinion of the majority of the court, had complete control of this subject, and the superintendent could not act for the county in this regard, without the sanction of the county board.

The plaintiff, on this view of the case, was not injured in his rights by the refusal of the circuit court to grant him a new trial.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY: I can not concur in this opinion. My opinion is, that, under a true construction of the statute, the plaintiff was, by law, to exercise his judgment on the subject of teachers' institutes, under the direction of the State Superintendent of Schools, and that the county board had power to decide whether the county would appropriate money to aid in the establishment and maintenance of such institutions, but had no power or authority to otherwise control the superintendent of schools in that regard. In my opinion, the plaintiff was, on the proofs, entitled to recover $145, and it was error to refuse a new trial.